IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO.: 1:09CV

THE CINCINNATI INSURANCE )
COMPANY and COLUMBIA CASUALTY )
INSURANCE COMPANY, )
                                                       )
              Plaintiffs, )
                                                       )
             v. )
                                                         )
LONGISTICS TRANSPORTATION, )
INC., LONGISTICS STAFFING, INC., )
LONGISTICS EQUIPMENT LEASING, )
L.L.C., WORLD TRADE PROPERTIES, )
L.L.C., and MCKESSON CORPORATION, )
                                                       )
             Defendants. )
_____ )

**COMPLAINT FOR**
**DECLARATORY JUDGMENT**

NOW COME the Plaintiffs, The Cincinnati Insurance Company and Columbia Casualty Insurance Company ("Plaintiffs"), by and through their attorneys, and for their Declaratory Judgment Complaint against the Defendants, allege and say:

## I.    INTRODUCTION

1.    This is a Complaint for Declaratory Judgment pursuant to 28 U.S.C. § 2201 and 2202 respectively, in which Plaintiffs seek a determination of their rights and responsibilities under certain policies of insurance issued to Longistics, L.L.C.

## II.    PARTIES

2.    The Cincinnati Insurance Company ("Cincinnati") is an Ohio domiciled insurance company authorized to conduct the business of insurance in the State of North Carolina, with its principal place of operations in the State of Ohio.

3.      Columbia Casualty Insurance Company ("Columbia") is an Illinois domiciled insurance company authorized to conduct the business of insurance in the State of North Carolina, with its principal place of operations in the State of Illinois.

4.      Defendant Longistics Transportation, Inc. ("Longistics Transportation") is a North Carolina corporation, with its principal operations and headquarters located in Raleigh, North Carolina.

5.      Defendant Longistics Staffing, Inc. ("Longistics Staffing") is a North Carolina corporation, with its principal operations and headquarters located in Raleigh, North Carolina.

6.      Defendant World Trade Properties, L.L.C. ("World Trade") is a North Carolina limited liability company, with its principal operations and headquarters located in Raleigh, North Carolina.

7.      Defendant Longistics Equipment Leasing, L.L.C. ("Longistics Equipment") is a North Carolina limited liability company, with its principal operations and headquarters in Raleigh, North Carolina.

8.      Defendant McKesson Corporation ("McKesson") is a Delaware corporation. Upon information and belief, McKesson has its principal operations and an office located in Texas.

### III.      JURISDICTION AND VENUE

9.      This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000.00, exclusive of costs.

10.      Venue is proper in the Eastern District of North Carolina pursuant to 28 U.S.C. § 1391(a) and (c).

## IV.    CLAIM FOR DECLARATORY RELIEF

11.    This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201 for the purpose of determining a question in actual controversy between the parties.

12.    There is a real, substantial and justiciable issue in controversy between the parties hereto with respect to the existence of insurance coverage for an underlying action under policies of insurance issued by Plaintiffs to Longistics, L.L.C..

13.    A judicial determination and a declaration of the rights and obligations of the parties is necessary and appropriate at this time because Plaintiffs have no adequate remedy at law which will resolve the current controversy.

## V.    FACTUAL BACKGROUND

14.    On August 1, 2008, McKesson filed suit against Longistics Transportation as a result of an alleged theft of cargo that allegedly occurred in Raleigh, North Carolina in an action styled *McKesson Corporation v. Longistics Transportation, Inc.*, CT003747-08, Thirtieth Judicial District at Memphis, Tennessee.   Subsequently, the action was transferred to the United States District Court for the Eastern District of North Carolina.

15.    On August 8, 2009, McKesson filed an Amended and Supplemental Complaint transferring this action from the Thirtieth Judicial District at Memphis, Tennessee to the U.S. District Court for the Eastern District of North Carolina, Western Division, styled *McKesson Corporation v. Longistics Transportation, Inc., Longistics Staffing, Inc., Longistics Equipment Leasing, L.L.C., and World Trade Properties, L.L.C.,* 5:09-CV-00250-F ("Underlying Action"). A genuine copy of the Amended and Supplemental Complaint ("Complaint") in the Underlying Action is attached hereto as **Exhibit A.**

16.     The Complaint in the Underlying Action alleges, *inter alia,* that McKesson contracted with Longistics Transportation for Longistics Transportation to transport cargoes of pharmaceutical products (the "Transportation Agreement"). Because of confidentiality provisions, a copy of the "Motor Contract Carrier Transportation Agreement" is not attached hereto.

17.     The Complaint in the Underlying Action alleges that on or about August 4, 2006, Longistics Transportation began hauling tractor trailers of pharmaceuticals to their eventual destinations of Longhorn, Pennsylvania and Liverpool, New York; that en route to such destinations, a driver parked the tractor trailers and "entrusted or otherwise placed the Cargo with, on or in property of Longistics Equipment, Longistics Staffing and/or World Trade" in or on the defendants' parking lot in Raleigh, North Carolina; that on August 5, 2006, or the early morning of August 6, 2006, the tractor trailers were stolen from the parking lot; and that as a result of the alleged theft, McKesson sustained damages in excess of twenty-two million dollars.

18.     The Complaint in the Underlying Action alleges claims against Longistics Transportation, Longistics Staffing, World Trade, and Longistics Equipment based upon breach of contract, negligence, gross negligence, recklessness, wantonness, carelessness and disregard for the safety and securing of cargo.

19.     Cincinnati is defending Longistics Transportation, Longistics Staffing, and World Trade (the "Longistics Insureds") in the Underlying Action under a full reservation of rights.

## CINCINNATI CGL POLICY

20.     Cincinnati issued a Commercial General Liability policy to Longistics, L.L.C., policy number CPP 087 41 54, with effective dates of October 15, 2005 to October 15, 2006 (the

"Cincinnati CGL Policy"). A genuine and certified copy of the Cincinnati CGL Policy is attached hereto as **Exhibit B.**

21. Longistics Transportation, Longistics Staffing and World Trade are listed as additional insureds via endorsement under the Cincinnati CGL Policy.

22. Longistics Equipment is neither a named insured nor an additional insured under the Cincinnati CGL Policy and Cincinnati has disclaimed coverage as to Longistics Equipment on that basis as well as in addition to all of the following reasons.

23. The Cincinnati CGL Policy, in "SECTION I," "COVERAGE A. BODILY AND PROPERTY DAMAGE LIABILITY" of the "Insuring Agreement," provides, in pertinent part:

> a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. . .

(Ex. B, Page 1 of 22).

24. In "SECTION V – DEFINITIONS," the Cincinnati CGL Policy defines "property damage," in pertinent part, as follows:

> **20.** "Property damage" means:
>
> > a. Physical injury to tangible property, including all resulting loss of use of that property. All such loss of use shall be deemed to occur at the time of the physical injury that caused it; or
> >
> > b. Loss of use of tangible property that is not physically injured. All such loss of use shall be deemed to occur at the time of the "occurrence" that caused it. . .

(Ex. B, Page 19 of 22).

25. The damages in the Underlying Action, arising from the theft of pharmaceutical cargo, do not constitute "property damage" within the meaning of the Cincinnati CGL Policy.

26.     The Cincinnati CGL Policy contains an exclusion for contractual liability. Exclusion **b**. of the Cincinnati CGL Policy provides, in pertinent part, that insurance is not available for:

> **b.     Contractual Liability**
>
> "Bodily injury" or "property damage" for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:
>
> > **(1)**     That the insured would have had in the absence of the contract or agreement; or
> >
> > **(2)**     Assumed in a contract or agreement that is an "insured contract," provided the "bodily injury" or "property damage" occurs subsequent to the execution of the contract or agreement.  . .

(Ex. B, Page 2 of 22) (the "Contractual Liability Exclusion").

27.     The Cincinnati CGL Policy, in Section V., "Definitions," defines "insured contract," in pertinent part, as:

> **12.**     "Insured contract" means:
>
> > **a.**     A contract for a lease of premises. . .
> >
> > **b.**     A sidetrack agreement;
> >
> > **c.**     Any easement or license agreement. . .
> >
> > **d.**     An obligation, as required by ordinance, to indemnify a municipality. . .
> >
> > **e.**     An elevator maintenance agreement;
> >
> > **f.**     That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another to pay for "bodily injury," "property damage" or "personal and advertising injury" to a third party or organization.  Tort liability means a liability that would be

imposed by law in the absence of any contract or
agreement. . .

(Ex. B, Pages 16, 17 of 22).

28.     Exclusion **b.** of the Cincinnati CGL Policy, the Contractual Liability exclusion,
bars coverage for damages sought in the Underlying Action because the damages arise from an
alleged breach of contract, *i.e.,* liability assumed in the Transportation Agreement, which is not
an "insured contract."

29.     The Cincinnati CGL Policy also contains an exclusion for damages arising from
use of an "auto."  Exclusion **g.** provides, in pertinent part, that no coverage exists for:

> **g.     Aircraft, Auto or Watercraft**
>
> > "Bodily injury" or "property damage" arising out of the ownership,
> > maintenance, use or entrustment to others of any aircraft, "auto" or
> > watercraft owned or operated by or rented or loaned to any insured.  Use
> > includes operation and "loading or unloading."
> >
> > This exclusion applies even if the claims against any insured allege
> > negligence or other wrongdoing in the supervision, hiring, employment,
> > training or monitoring of others by that insured, if the "occurrence" which
> > caused the "bodily injury" or "property damage" involved the ownership,
> > maintenance, use or entrustment to others of any aircraft, "auto" or
> > watercraft that is owned or operated by or rented or loaned to any insured.
> >
> > This exclusion does not apply to. . .
> >
> > **(3)**     Parking of an "auto" on, or on the ways next to, premises you own
> > or rent, provided the "auto" is not owned by or rented or loaned to
> > you or the insured;

(Ex. B, Page 4 of 22).  ("Auto Exclusion").

30.     The Cincinnati CGL Policy defines "auto," in pertinent part, as follows:

> **3.**     "Auto" means a land motor vehicle, trailer or semitrailer designed for
> travel on public roads, including any attached machinery or equipment.
> But "auto" does not include "mobile equipment."

(Ex. B, Page 16 of 22).

1445336 v 1

31.     The Auto Exclusion of the Cincinnati CGL Policy, Exclusion **g.,** bars coverage for any damages awarded in the Underlying Action because the alleged theft of cargo occurred from the use of an "auto," *i.e.,* a tractor trailer designed for travel on public roads, and such auto was owned by the insured, Longistics Transportation.

32.     The Cincinnati CGL Policy also contains an exclusion for certain damage to property. Exclusion **j.** provides, in pertinent part that no coverage exists for:

    **j.**      **Damage to Property**

        **(4)**      Personal property in the care, custody or control of an insured;

        **(6)**      That particular part of any property that must be restored, repaired or replaced because "your work" was incorrectly performed on it.

        Paragraph (6) of this exclusion does not apply to "property damage" included in the "products-completed operations hazard."

(Ex. B., p. 5 of 22).

33.     Exclusion **j.(4)** of the Cincinnati CGL Policy bars coverage for damages sought in the Underlying Action because the damages allegedly arose from the insured's care, custody and control of the cargo.

34.     Exclusion **j.(6)** of the Cincinnati CGL Policy bars coverage for damages sought in the Underlying Action because the damages are for the replacement of the cargo allegedly resulting from the insured's failure to properly perform its work or operations on the cargo, *i.e.,* the insured's alleged failure to properly protect the cargo from theft.

35.     Exclusion **m.** of the Cincinnati CGL Policy, the impaired property exclusion, bars coverage, in part, for loss of use of property that was not physically injured. Exclusion **m.** provides that no coverage exists for:

    **m.**      **Damage to Impaired Property or Property Not Physically Injured**

1445336 v 1

8

"Property damage" to "impaired property" or property that has not been physically injured, arising out of:

**(1)** A defect, deficiency, inadequacy or dangerous condition in "your product" or "your work;" or

**(2)** A delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms.

This exclusion does not apply to the loss of use of other property arising out of sudden and accidental physical injury to "your product" or "your work" after it has been put to its intended use.

(Ex. B., p. 5 of 22).

36.     Exclusion **m.** of the Cincinnati CGL Policy bars coverage for damages sought in the Underlying Action because the damages would be for loss of use of cargo that was not physically injured, but was instead allegedly stolen.

37.     In view of the coverage provisions and exclusions set forth above, the Cincinnati CGL Policy affords no coverage for any damages that may be assessed against the Longistics Insureds and/or Longistics Equipment in the Underlying Action, and Cincinnati is entitled to a declaration that it has no duty to defend or indemnify the Longistics Insureds or Longistics Equipment for any damages that said Defendants may incur in the Underlying Action.

## CINCINNATI BUSINESS AUTO POLICY

38.     Cincinnati also issued a Business Auto Policy to Longistics, L.L.C., policy number CPA 087 41 54, with effective dates of October 15, 2005 to October 15, 2006. A genuine and certified copy of the Cincinnati Business Auto Policy ("Auto Policy") is attached hereto as **Exhibit C.**

39.     Longistics Transportation, Longistics Staffing and World Trade are listed as additional insureds via endorsement under the Auto Policy.

40.     Longistics Equipment is neither a named insured nor an additional insured under the Auto Policy and Cincinnati has disclaimed coverage as to Longistics Equipment on that basis as well as in addition to all of the following reasons.

41.     The Auto Policy affords coverage for sums an insured must pay because of damages for "bodily injury" or "property damage" which result from the "ownership, maintenance or use of a covered 'auto.'"

42.     The damages in the Underlying Action, arising from the theft of pharmaceutical cargo, do not constitute "property damage" within the meaning of the Auto Policy.

43.     The Business Auto Policy declarations page lists the following symbols for "COVERED AUTOS" for liability coverage:   10, 11, and 12.   The "COVERED AUTO DESIGNATION SYMBOL" form (IA 450 11 87 A) provides as follows with respect to these symbols:

Symbol

10     =     HIRED PRIVATE PASSENGER TYPE VEHICLES ONLY -  Only those private passenger type "autos" you lease, hire, rent or borrow.  This does not include any "auto" you lease, hire, rent, or borrow from any of your "employees" or partners or members of their households.  Only private passenger type autos are covered under this symbol.

11     =     NONOWNED PRIVATE PASS[E]NGER TYPE VEHICLES ONLY – Only those private passenger type "autos" you do not own, lease, hire, rent or borrow that are used in connection with your business.  This includes "autos" owned by your "employees", partners (if you are a partnership), members (if you are a limited liability company), or members of their households but only while used in your business or your personal affairs.  Only private passenger type autos are covered under this symbol.

12     =     "TRAILERS" WHILE DETACHED FROM ANY POWER UNIT ONLY - Only those "trailers" you own, lease, hire, rent, or borrow while they are not attached to a power unit and sitting on a lot.  This includes any "trailer" you lease, hire, rent or borrow from any of your "employees" or partners or members of their households.

1445336 v 1

44.     The tractors and trailers involved in the alleged theft were not "private passenger type vehicles" within the meaning of the Auto Policy.

45.     The Complaint in the Underlying Action alleges that the cargo theft occurred when the tractors, attached to their respective tractors, were stolen from the subject lot. As such, the tractor trailers are not "covered autos" under the Auto Policy.

46.     Even if the tractor trailers were "covered autos," which Cincinnati denies, the alleged theft losses fall within Exclusion **2**. of the Auto Policy, "Contractual," which excludes coverage for liability assumed under a contract or agreement.

47.     Even if the tractor trailers were "covered autos," which Cincinnati denies, the alleged theft losses fall within Exclusion **6.** of the Auto Policy, "Care, Custody or Control," because the loss involves "property owned or transported by the 'insured' or in the 'insured's' care, custody or control."

48.     In view of the coverage provisions and exclusions set forth above, the Auto Policy affords no coverage for any damages that may be assessed against the Longistics Insureds and/or Longistics Equipment in the Underlying Action, and Cincinnati is entitled to a declaration that it has no duty to defend or indemnify the Longistics Insureds or Longistics Equipment for any damages that said Defendants may incur in the Underlying Action.

**COLUMBIA EXCESS POLICY**

49.     Columbia issued an Excess Third-Party Liability Policy (the "Columbia Excess Policy") to Longistics, L.L.C., policy number RDX 2076519384, effective October 15, 2005 to October 15, 2006, which affords coverage, in accordance with the terms and conditions of the policy, in excess of the limits of the underlying Excess Policy issued by Axis Capital Insurance

Company (the "Axis Policy"). A genuine copy of the Columbia Policy is attached hereto as **Exhibit D.**

50.     Longistics Transportation, Longistics Staffing and World Trade are listed as additional insureds via endorsement under the Columbia Excess Policy.

51.     Longistics Equipment is neither a named insured nor an additional insured under the Columbia Excess Policy.

52.     The Columbia Excess Policy is a "follow form" excess policy that it is subject to the same coverage provisions and exclusions found in the underlying Cincinnati CGL Policy and Auto Policy. In this regard, the Columbia Excess Policy states:

> 1. Coverage Agreements
>
> c. All provisions of the immediate underlying insurance are considered as part of this policy except any obligation to investigate, defend or pay for such costs and expenses of your defense. A provision in the immediate underlying insurance inconsistent with any other provision in this policy is not a part of this policy.

(Ex. D, Page 1 of 3).

53.     Upon information and belief, the Axis Policy is a "follow form" umbrella/excess liability policy that is subject to the same coverage provisions and exclusions found in the underlying Cincinnati CGL Policy and Auto Policy. Thus, both the Columbia Excess Policy and Axis Policy "follow form" to the Cincinnati CGL Policy and Auto Policy.

54.     As a result of the coverage provisions and exclusions contained in the Cincinnati CGL Policy, as described in paragraphs 20 through 36 above, which terms are incorporated by reference into the Columbia Excess Policy, the Columbia Excess Policy affords no coverage for any damages that may be assessed against the Longistics Insureds and/or Longistics Equipment in the Underlying Action.

1445336 v 1

55.     As a result of the coverage provisions and exclusions contained in the Cincinnati

Auto Policy, as described in paragraphs 37 through 47 above, which terms are incorporated by

reference into the Columbia Excess Policy, the Columbia Excess Policy affords no coverage for

any damages that may be assessed against the Longistics Insureds and/or Longistics Equipment

in the Underlying Action.

56.     Columbia is entitled to a declaration that it has no duty to defend or to indemnify

the Longistics Insureds or Longistics Equipment for any damages that may be assessed against

the Defendants in the Underlying Action.

## AS AND FOR A FIRST CAUSE OF ACTION
### (Declaratory Judgment)

57.     Plaintiffs incorporate as if fully set forth herein the allegations contained within

Paragraphs 1 through 55 of this Complaint.

58.     Plaintiffs request that this Court declare that they have no obligation to defend or

indemnify the Longistics Insureds or Longistics Equipment in connection with the Underlying

Action on the grounds that:

a.     the Underlying Action does not allege "property damage" as defined by the Cincinnati and Columbia Policies;

b.     the Underlying Action is barred from coverage because of the application of the Cincinnati and Columbia Policies' exclusion for "contractual liability;"

c.     the Underlying Action is barred from coverage because of the application of the Cincinnati and Columbia Policies' exclusion for "aircraft, auto and watercraft;"

d.     the Underlying Action is barred from coverage because of the application of the Cincinnati and Columbia Policies' exclusion for damages for property in the Longistics Defendants' care, custody and control of the cargo;

e.	the Underlying Action is barred from coverage because of the application of the Cincinnati and Columbia Policies' exclusion for damages to that particular part of any property that must be restored, repaired or replaced because the Longistics Defendants' work was incorrectly performed on it,

f.	the Underlying Action is barred from coverage because of the application of the Cincinnati and Columbia Policies' exclusion for "'property damage' to 'impaired property' or property that has not been physically injured, arising out of a defect, deficiency, inadequacy or dangerous condition in 'your product' or 'your work' or delay or failure by you or anyone acting on your behalf to perform a contract or agreement in accordance with its terms;" and,

g.	the Underlying Action is otherwise barred by the application of the terms, conditions and provisions of the Cincinnati and Columbia Policies.

h.	Defendant Longistics Equipment is neither a named insured nor an additional insured under both the Cincinnati and Columbia policies.

59.	For the reasons set forth in subparagraphs (a) through (h), Plaintiffs are entitled to a declaration of this Court that they have no obligation to defend or indemnify the Longistics Insureds or Longistics Equipment with respect to the Underlying Action.

WHEREFORE, Plaintiffs pray for the following relief:

1.	That the Court declare that the Cincinnati CGL Policy affords no coverage for damages that may be assessed against the Longistics Insureds or Longistics Equipment in the Underlying Action and that Cincinnati has no duty to defend or indemnify the Longistics Insureds or Longistics Equipment for damages the Defendants may incur in the Underlying Action.

2.	That the Court declare that the Columbia Excess Policy affords no coverage for damages that may be assessed against the Longistics Insureds or Longistics Equipment in the Underlying Action and that Columbia has no duty to defend or indemnify the Longistics Insureds

or Longistics Equipment for damages that the Defendants may incur in the Underlying Action.

        3.       That the Court declare and adjudicate all other rights and obligations between the parties.

        4.       That Plaintiffs are entitled to recover their costs in this action; and

        5.       For such other and further equitable, legal and declaratory relief as the Court deems just and proper.

        This the 30th day of November, 2009.

/s/ SUSAN K. BURKHART
Cranfill, Sumner & Hartzog, L.L.P.
The Post Office Box 27808
Raleigh, North Carolina 27611-7808
Telephone (919) 828-5100
Fax (919) 828-2277
Email: skb@cshlaw.com
State Bar No. 10151
Attorneys for The Cincinnati Insurance Company


/s/ ANDREW VANORE, III
Brown, Crump, Vanore & Tierney, LLP
P.O. Box 1729
Raleigh, N.C. 27602
Telephone (919) 890-4467
Fax (919) 835-0915
Email: dvanore@bcvtlaw.com
State Bar No. 13139
LR 83.1 Counsel


Kristin V. Gallagher
Carroll, McNulty & Kull L.L.C.
120 Mountain View Boulevard
Basking Ridge, New Jersey 07920
Telephone (908) 848-6300
Fax (908) 848-6310
Email: kgallagher@cmk.com
Attorneys for Columbia Casualty Insurance
 Company

1445336 v 1